Rose E. Buchan, Petitioner *v.* Commonwealth of Pennsylvania, State Employees Retirement Board, Respondent.

Submitted on briefs November 16, 1983, to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

636

*Randall C. Rodkey,* for petitioner.

*Marsha V. Mills,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 20, 1984:

The petitioner, a retired Commonwealth employee, seeks review of an order of the Pennsylvania State Employes' Retirement Board refusing the prayer of her petition to change her election of a retirement benefit plan.

In anticipation of her retirement from State service, the petitioner submitted an application for retirement allowance and formally selected the full retirement pension plan. The full retirement pension plan provides for the return to the retiree of her contributions to the retirement system in a lump sum and the payment of the maximum available annuity to the petitioner during her lifetime.

About two days after submitting her application and selecting a plan, the petitioner sought to withdraw her selection of the full retirement pension plan and have it replaced by a plan which would provide for benefits for her thirty-four year old son after her death. Under the plan the petitioner then wanted to choose, she would receive all of her contributions to the system in a lump sum but she would receive a reduced annuity and on her death the son would receive the unexpended balance of the State's contribution to her account.

The petitioner's request was refused on the ground that her first selection of a plan was irrevocable, by

authority of a State Employes' Retirement Board
regulation made pursuant to the State Employees' Retirement Code, Act of March 1, 1974, P.L. 125, *as
amended,* 71 Pa. C. S. §§5101-5956. The regulation, at
4 Pa. Code §247.5, provides:

> Once a member has filed an application for benefits and chosen an option, including a single
> life annuity, such option shall be deemed irrevocable . . . [with exceptions not here relevant]
> . . . or unless the annuitant returns to service
> for a period of not less than six months and subsequently retires with recomputation of benefits.

The petitioner then contended that she was provided inadequate counseling, citing Section 5906(f) of
the Retirement Code, 71 P.S. §5906(f), which provides:

> The head of each department shall designate an
> employee of his department to serve as a retirement counselor subject to approval by the
> Board. Such retirement counselor shall assist
> the head of the department in advising the employees of the department of their rights and
> duties as members of the system.

The petitioner's thesis is that the statute imposes a
duty upon the head of each department to see that retiring employees are adequately counseled prior to
selecting a pension plan and that if that duty is
breached the retiree must be given her choice of a different plan.

An administrative hearing was held at which conflicting testimony was given on the issue of the petitioner's pre-retirement counseling. The petitioner
testified that she had only a single, brief meeting with
her counselor before first selecting a plan. Her counselor testified that she counseled the petitioner on two
occasions during which she thoroughly explained the

various pension plan options. The hearing examiner, accepting the counselor's evidence, found that the petitioner had been adequately counseled prior to selecting the full retirement pension plan and concluded that she was bound by that selection. The finding and conclusion were subsequently adopted by the State Employes' Retirement Board.

On appeal the petitioner alleges that there is not substantial evidence of record supporting a finding that she received adequate counseling.

We have carefully read and considered the evidence and we are constrained to conclude that the administrative finding in this case is supported by substantial evidence.

Order affirmed.

### Order

And Now, this 20th day of January, 1984, the order of the State Employes' Retirement Board in the above-captioned matter is affirmed.