589 A.2d 269

**Kenith E. WINGERT, Petitioner,**

v.

**STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 1990.

Decided Jan. 18, 1991.

Publication Ordered April 5, 1991.

Kathy Speaker MacNett, Harrisburg, for petitioner.

Richard D. Michlovitz, Harrisburg, for respondent.

Before McGINLEY and BYER, JJ., and CRUMLISH, Jr., Senior Judge.

McGINLEY, Judge.

Kenith E. Wingert (Claimant) appeals from an order of the State Employes' Retirement Board (Board), dated March 30, 1990, denying his claim that he was improperly counseled about his options when he was furloughed in 1979. We affirm.

The State Employes' Retirement Code (Code)[1] provides for a retirement counselor to assist in advising employees of their rights and duties as members of the State Employes' Retirement System (SERS). 71 Pa.C.S. § 5906(f). The Code further provides that, when an annuitant returns to state service, any annuity payable to him shall cease and its present value will be frozen as of the date it ceases. 71 Pa.C.S. § 5706(a). The return to state service operates, in effect, to create two accounts and, when the annuitant subsequently leaves state service, he is entitled to an annuity which is actuarially equivalent to the sum of both accounts. 71 Pa.C.S. § 5706(b). As a result, an annuitant who returns to state service will receive a smaller pension than if his service had been continuous.

Claimant first entered state service on December 11, 1961 when he started working for the Department of Highways. Claimant later transferred to a position with the Office of State Planning and Development where he worked for fourteen years before being furloughed. Claimant's furlough was necessitated by insufficient funding for the 1979–1980 budget and the abolition of the Office of State Planning and Development.

Claimant testified that, after learning of the furlough, he met with Cindy Eckert, a retirement counselor, but he could not recall if they discussed vesting or the effect of a second retirement upon return to state service. A review of Ms. Eckert's testimony reveals that it is her practice during counseling sessions to explain all options. She routinely

1. 71 Pa.C.S. §§ 5101–5956, *as amended.*

explains that vesting [2] is an option and that, if a member elects to vest his benefits, he cannot withdraw an annuity nor a lump sum but he remains in the system and earns four percent interest. Ms. Eckert also routinely explains that, if a member chooses to receive an annuity and later returns to state service, his pension would be reduced because the present value of the previous account would be frozen. Both the hearing examiner and the Board found that Claimant was counseled in conformance with the standard procedure.[3]

On October 5, 1979, Claimant executed a retirement application electing to receive benefits. Pursuant to his election, Claimant received an annuity from September 13, 1979 through April 7, 1980, when he returned to state service with the Department of Transportation (DOT). In August of 1987, Claimant requested a retirement estimate from DOT. The estimate which he received was based upon the frozen value of his first account as well as the value of the second account created when he returned to state service.

On January 21, 1988, Claimant met with an employee of SERS and requested permission to repay the annuity and have his account treated as vested. SERS denied Claimant's request. On September 28, 1988, a hearing examiner conducted an administrative hearing after which he also recommended that Claimant's request be denied. By order dated March 30, 1990, the Board denied the request. Claimant then filed the present appeal with this Court.

 Claimant contends that there is no substantial evidence of record to support the Board's conclusion that he received adequate counseling, that his contractual rights have been impermissibly impaired, and that SERS is estopped from denying him the opportunity to repay the annuity. Our scope of review is limited to determining whether there was a violation of constitutional rights or an

2. We use the word "vesting" as a term of art referring to the ability to defer receipt of a retirement benefit to a future time.

3. This finding is not a necessary one because, as noted below, Claimant has the burden of proving that he was inadequately counseled.

error of law, and whether any finding of fact is unsupported by substantial evidence. *Wright v. State Employes' Retirement Board,* 135 Pa.Commonwealth Ct. 95, 580 A.2d 422 (1990) (citations omitted). Claimant bears the burden of proof. It is well-established that the party who maintains the existence of certain facts must prove those facts. *South Hills Health System v. Department of Public Welfare,* 98 Pa.Commonwealth Ct. 183, 510 A.2d 934 (1986) (citations omitted).

■ With regard to Claimant's contention that there is insufficient evidence to support the Board's decision on the issue of counseling, Claimant argues that the Board improperly relied on Ms. Eckert's testimony concerning her standard procedure when conducting a counseling session. Claimant would have us require the Board to prove the existence of appropriate counseling. Claimant fails to recognize that, as the burdened party, he is obligated to establish the inadequacy of the counseling. Indeed, Claimant testified that his recollection of the counseling session is vague and that Ms. Eckert may have, in fact, explained the concept of vesting as well as the effect of a return to state service. Notes of Testimony, dated September 28, 1988, at 17–19. Claimant's attack on Ms. Eckert's testimony also fails to establish inadequate or improper counseling.

■ Claimant also contends that relatively recent amendments to the Code, 71 Pa.C.S. § 5706, which provide for the freezing of the annuity at its present value and the creation of two accounts, constitute an impermissible impairment of his contractual rights.[4] However, the case relied on by Claimant, *Association of Pennsylvania State College and University Faculties v. State System of Higher Education,* 505 Pa. 369, 479 A.2d 962 (1984), is inapposite. In *State College,* the Supreme Court invalidated an amendment to the Code which increased the amount of member contributions to the State Employees' Retirement Fund (Fund). Our Supreme Court found that, because the

**4.** We note that this issue involves the validity of a statute and therefore cannot be waived for failure to raise it below. Pa.R.A.P.

amendment decreased the value of the members' retirement benefits in proportion to their contributions to the Fund, it constituted an impermissible impairment of contract. The amendments presently at issue are distinguishable. Unlike the amendments in *State College*, these amendments reduce the value of a pension only when the member elects to receive an annuity upon retirement from state service and then subsequently returns to state service. The amendment at issue in *State College* provided for no such choice on behalf of the member.

In *Catania v. State Employees' Retirement Board*, 498 Pa. 684, 450 A.2d 1342 (1982), the Supreme Court held that, when the advantages provided by other amendments to the Code enacted at the same time offset the disadvantages of the changes at issue, there is no impermissible impairment of contract. The Supreme Court reasoned that, "by allowing changes with corresponding advantages and disadvantages, the employee remains in relatively the same position both before and after the changes." *Catania*, 498 Pa. at 699, 450 A.2d at 1350 (footnote omitted). Such an approach also serves to protect the actuarial soundness of the Fund. *Id.*

Pursuant to the reasoning of *Catania*, Claimant cannot attack the frozen present value provisions of 71 Pa.C.S. § 5706 while failing to recognize the advantages he derives from other amendments to the Code enacted contemporaneously. These advantages include eligibility to receive payments at a younger age, use of a formula which results in computation of a higher final average salary, a lowering of the years-of-service requirement for all employees regardless of their reason for leaving state service, and the right to receive both a monthly annuity and the return of retirement contributions in a lump sum. In fact, Claimant benefited from the creation of this latter right when he elected the choice which he now seeks to rescind. The frozen present value provisions merely reflect the reality that a member who returns to state service after receiving payments from the Fund has depleted the value of his retirement account.

In addition, the Board's regulation, 4 Pa.Code § 247.5, provides in pertinent part that, "[o]nce a member has filed an application for benefits and chosen an option, the option shall be deemed to be irrevocable." We have recognized that, under this regulation, selection of a retirement option is generally irrevocable. *Buchan v. State Employes' Retirement Board*, 79 Pa.Commonwealth Ct. 635, 470 A.2d 208 (1984). Claimant is not entitled to the benefit of hindsight.

Claimant asserts that, if he had been properly counseled, he would not have chosen to receive benefits at the time of his furlough. Yet his decision was a reasonable one at the time it was made. Claimant's election to receive benefits became a poor choice only after he later returned to state service. "Even though hindsight now may indicate that in view of the events that transpired after the election was made, that [another option] was preferable, we cannot reverse the hands of time." *Marron v. State Employees' Retirement Board*, 118 Pa.Commonwealth Ct. 174, 179, 544 A.2d 1095, 1098 (1988) (footnote and emphasis omitted). Claimant's 1979 election to receive an annuity when furloughed from state service went hand in glove with the frozen present value provision of Section 71 Pa.C.S. § 5706. Claimant has failed to establish that Section 5706, added to the Code by the Act of October 7, 1975, unilaterally and substantially impairs his right to contract.

Finally, Claimant contends that the doctrine of equitable estoppel precludes SERS from not allowing him to repay the annuity he received during his furlough. In support of his argument, Claimant again asserts that he was given inadequate counseling. As noted above, Claimant failed to meet his burden of proof in this regard.

Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, this 18th day of January, 1991, we affirm the order of the State Employees' Retirement Board, dated March 30, 1990 denying the claim of Kenith E. Wingert.