603 A.2d 253

**PENNSYLVANIA STATE TROOPERS ASSOCIATION,
a Pennsylvania non-profit corporation, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

**FRATERNAL ORDER OF POLICE, CAPITOL POLICE
LODGE NO. 85, by Karl B. SHEAFFER, Trustee ad litem, and
Pennsylvania State Park Officers Association, by Richard P.
Fischer, Trustee ad litem, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 18, 1991.

Decided Jan. 30, 1992.

Gary M. Lightman, for petitioners.

Steven O. Newhouse, Asst. Counsel, for respondent.

Before CRAIG, President Judge, and DOYLE, COLLINS, PALLADINO, McGINLEY, SMITH and KELLEY, JJ.

KELLEY, Judge.

Before this court are the preliminary objections of the Commonwealth to two declaratory judgment actions brought in our original jurisdiction by the Pennsylvania State Troopers Association at No. 269 M.D. 1991, and by the Fraternal Order of Police, Capitol Police Lodge No. 85, and Pennsylvania State Park Officers Association at No. 308 M.D. 1991 (collectively referred to as the Association).[1] Because we agree that the Association has failed to state a

---

1. These actions were consolidated for argument by order of December 4, 1991.

cause of action upon which relief can be granted, we will sustain the Commonwealth's preliminary objections in the nature of a demurrer and dismiss the petitions for review.

At issue in this case is the constitutionality of Section 24 of Act 23 of 1991 (Act 23), enacted by the General Assembly on August 5, 1991. Act 23 amends Section 5955 of the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. § 5955 to provide that:

> *Regardless of any other provision of law,* pension rights of State employees shall be determined solely by this part or any amendment thereto, and no collective bargaining agreement *nor any arbitration award* between the Commonwealth and its employees *or their collective bargaining representatives* shall be construed to change any of the provisions herein, *to require the board to administer pension or retirement benefits not set forth in this part, or otherwise require action by any other government body pertaining to pension or retirement benefits or rights of State employees. Notwithstanding the foregoing, any pension or retirement benefits or rights previously so established by or as a result of an arbitration award shall remain in effect after the expiration of the current collective bargaining agreement between the State employees so affected and the Commonwealth.*[2]

The Association contends that passage of Act 31 violates art. III, § 31, of the Pennsylvania Constitution by impermissibly working a partial repeal of Act 111 of 1968 (Act 111).[3] The Association appears to argue that because the enactment of Act 111 was constitutionally mandated, its repeal or amendment would be unconstitutional. The Association further maintains that the enactment of Act 23 constitutes an attempt by the Commonwealth to hide behind a self-imposed legal restriction in violation of Act 111, citing *Guthrie v. Borough of Wilkinsburg,* 508 Pa. 590, 499 A.2d 570 (1985); *Conley v. Joyce,* 482 Pa. 263, 393 A.2d 654

2. Act 23 added the underlined language to Section 5955.
3. Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1—217.10.

(1978); *Washington Arbitration Case*, 436 Pa. 168, 259 A.2d 437 (1969). We will begin our discussion with a review of the history of the various statutory and constitutional provisions involved, as well as caselaw addressing them.

Art. III, § 31 of the Pennsylvania Constitution, which generally prohibits the delegation of legislative powers, was amended in 1967 to provide that:

Notwithstanding the foregoing limitation or any other provision of the Constitution, the General Assembly may enact laws which provide that the findings of panels or commissions, selected and acting in accordance with law for the adjustment or settlement of grievances or disputes or for collective bargaining between policemen and firemen and their public employers shall be binding upon all parties and shall constitute a mandate to the head of the political subdivision which is the employer, or to the appropriate officer of the Commonwealth if the Commonwealth is the employer, with respect to matters which can be remedied by administrative action, and to the lawmaking body of such political subdivision or of the Commonwealth, with respect to matters which require legislative action, to take the action necessary to carry out such findings.

Only some six months after the amendment was adopted, the General Assembly enacted Act 111, implementing the delegation contemplated by art. III, § 31. Our Supreme Court discussed the history of the constitutional amendment and upheld Act 111 against constitutional attack in *Harney v. Russo*, 435 Pa. 183, 255 A.2d 560 (1969).

In 1974, the General Assembly enacted the Retirement Code, 71 Pa.C.S. §§ 5101—5956. The original Section 5955 of the Retirement Code provided that pension rights of state employees shall be determined solely by the Retirement Code, and that no collective bargaining agreement between the Commonwealth and its employees shall be construed to change the provisions of the Retirement Code. This Court first examined the effect of Section 5955 on Act 111 in *State Conference of State Police Lodges of Frater-*

*nal Order of Police v. Commonwealth*, 104 Pa. Commonwealth Ct. 447, 522 A.2d 136 (1987) (*State Conference* I). Writing for the majority of a three-judge panel, Judge Craig (now President Judge) held that Section 5955 did not amend or repeal Act 111, because while that section prohibited the parties from "embodying any pension matter changes in a collective bargaining agreement contrary to statute," it contained "no prohibition against discussing or bargaining concerning state employee pension matters." *Id.* at 457, 522 A.2d at 136. Therefore, the majority did not reach the question now before us.

■ Although the original version of Section 5955 could be reconciled with Act 111, the Act 23 amendment cannot, as it clearly provides that arbitration awards reflecting pension rights shall not be construed to affect the provisions of the Retirement Code, *regardless of any other provision of law*. On its face, therefore, the Act 23 amendment to Section 5955 conflicts with Act 111, which specifically includes pensions within its list of terms and conditions of employment subject to collective bargaining and, failing agreement, to binding arbitration. 43 P.S. §§ 217.1, 217.4.

Judge Doyle, concurring in *State Conference* I, analyzed Section 5955 as constituting a partial repeal of Act 111. Having so concluded, Judge Doyle then stated that:

Article III, Section 31 of the Constitution permits, but does not require, the legislature to enact laws establishing binding arbitration for police officers. This provision does not grant police a constitutional right to collective bargaining; it merely authorizes the legislature to create such a right if it wishes. Additionally, the scope of substantive issues which can be the subject of such mandatory bargaining is not set forth in the Constitution and is, hence, left to the legislature. Admittedly, the legislature passed Act 111, creating a right for policemen and firemen to bargain over pension matters. But, absent a constitutional prohibition that, as just demonstrat-

ed, is not present here, what the legislature giveth, it can also taketh away.

104 Pa.Commonwealth Ct. at 465, 522 A.2d at 144–45 (Doyle, J., concurring).

Less than a year later, we again considered the question in *Commonwealth v. State Conference, State Police Lodges*, 117 Pa. Commonwealth Ct. 564, 546 A.2d 697 (1988) (*State Conference* II).

In *State Conference* II, the parties proceeded to arbitration after failing to agree on a pension provision. The arbitrator decided in favor of the bargaining unit, and the Commonwealth alleged that such an award violated Section 5955. Judge Doyle, this time writing for the majority of the court en banc, held that such an award was precluded by Section 5955, rejecting the majority reasoning of *State Conference* I.

Our Supreme Court reversed, holding that the plain language of Section 5955 did not prohibit either bargaining or arbitration awards affecting pension benefits. *Commonwealth v. Conference of State Police Lodges*, 525 Pa. 40, 575 A.2d 94 (1990) (*State Conference* III). It is to this decision that we now look for guidance.

The Supreme Court in *State Conference* III did not address whether the legislature *could* amend or repeal Act 111, but merely interpreted Section 5955 as it was then written. In holding that neither bargaining nor arbitration awards affecting pensions were prohibited, however, the Court did note that "[t]he Retirement Code prohibits only *collective bargaining agreements* from determining pension rights." *Id.*, 525 Pa. at 44, 575 A.2d at 97 (emphasis in original). Accordingly, the court implicitly recognized the General Assembly's power to amend or repeal Act 111. Additionally, we note while the Supreme Court concluded that the arbitration award granting increased pension benefits was constitutionally and statutorily *permissible*, we find no suggestion, as the Association now argues, that arbitration was constitutionally mandated.

After the *State Conference* cases, we again had occasion to consider the question of whether Act 111 was subject to amendment or repeal, albeit in a somewhat different scenario. In *Wilkinsburg Police Officers v. Commonwealth,* 129 Pa. Commonwealth Ct. 47, 564 A.2d 1015 (1989), an en banc panel of this court was asked to determine whether provisions of the Financially Distressed Municipalities Act [4] limiting prospective collective bargaining agreements violated the "constitutional mandate" of Act 111. In construing that Act as an amendment to Act 111, the panel unanimously agreed that the Pennsylvania Constitution merely permitted and did not require the General Assembly to enact Act 111. As such, the General Assembly was constitutionally authorized to amend Act 111 by later limiting police officers' statutory collective bargaining rights. *Id.,* 129 Pa.Commonwealth Ct. at 58, 564 A.2d at 1020.

The Association forthrightly admits that such is the holding of *Wilkinsburg,* but notes that the case has since been argued on appeal to our Supreme Court. The Association argues that *Wilkinsburg* was wrongly decided, and urges us to overrule it. Pending a decision to the contrary, however, we will adhere to the reasoning of *Wilkinsburg,* which has since been followed by a panel of this Court in *Fraternal Order of Police Lodge No. 34 v. City of Farrell,* 139 Pa. Commonwealth Ct. 397, 590 A.2d 1327 (1991).

We find no support for elevating Act 111 to the "quasi-constitutional" status that the Association would accord it. Act 111 differs from other statutes only in that, absent the amendment to art. III, § 31, it could not have been constitutionally passed. In a sense, the constitutional amendment "enabled" the enactment of Act 111, in a like fashion to enabling legislation which grants to municipalities powers that they otherwise would not possess.

█ Our Supreme Court has held that "when a constitutional provision contemplates the enactment of implementing legislation, the provision should, absent clear language

4. Act of July 10, 1987, P.L. 246, *as amended,* 53 P.S. §§ 11701.101—11701.501.

to the contrary, be interpreted as establishing general guidelines for the forthcoming legislation rather than mandatory directives as to its content." *School Districts of Deer Lakes v. Kane*, 463 Pa. 554, 345 A.2d 658 (1975).

█ Therefore, even if one could construe art. III, § 31 as requiring legislative action, the content of that legislation was left to the legislature. Because the legislature was free to determine the content of Act 111 in the first instance, we cannot say that the legislature is now without power to repeal or amend that implementing legislation.

Having determined that Act 111 is not constitutionally protected against amendment or repeal, we can now rely on the general principles of statutory construction to construe the effect of Section 5955 on Act 111, which are clearly in conflict. Act 111 allowed arbitration awards affecting pension benefits. Section 5955 prohibits such awards. Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail. 1 Pa.C.S. § 1936. Because Section 5955 of the Retirement Code was enacted in 1991, it necessarily prevails over any inconsistent provision of Act 111, which was enacted in 1968.

Because the General Assembly is not constitutionally prohibited from amending Act 111, the Association's argument that the Commonwealth is attempting to hide behind a self-imposed legal restriction must also fail. The cases cited by the Association all involve municipalities, which necessarily have only those powers expressly granted by the legislature. *Washington Arbitration Case*, 436 Pa. 168, 259 A.2d 437 (1969). Those powers were limited by the passage of Act 111. Our discussion here demonstrates that no such limitation on the powers of the General Assembly exists. What the legislature has given, it has now taken away. That the Association is displeased with this action is understandable. The remedy, however, must lie with the legislature and not the judiciary.

Accordingly, because we agree that the Association has failed to state a cause of action upon which relief can be granted, the Commonwealth's preliminary objection in the nature of a demurrer for failure to state a cause of action upon which relief can be granted is sustained, and the petition for review is dismissed.[5]

## ORDER

NOW, this 30th day of January, 1992, the Commonwealth's preliminary objections in the nature of a demurrer for failure to state a cause of action upon which relief can be granted are sustained, and the petitions for review are dismissed.

---

5. In view of our determination that the petition for review must be dismissed for failure to state a cause of action, we will not address the Commonwealth's second preliminary objection raising the defense of sovereign immunity.