**PENNSYLVANIA STATE TROOPERS ASSOCIATION, a Pennsylvania non-profit corporation, and Joseph B. Barkofsky, George Cyktor, Robert T. Derwin et al., Petitioners,**

v.

**PENNSYLVANIA STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 17, 1996.

Decided June 20, 1996.

James L. McAneny, for Petitioners.

Nicholas Joseph Marcucci, Deputy Chief Counsel, for Respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

COLINS, President Judge.

The Pennsylvania State Troopers Association (the Association),[1] and Joseph B. Barkofsky, George Cyktor, Robert T. Derwin et al. (Claimants), collectively referred to as Petitioners, appeal from the July 17, 1995 order of the State Employes' Retirement Board (SERB), dismissing Claimants' objections to implementation of the arbitration award issued on February 17, 1988 in the matter of the Commonwealth of Pennsylvania versus the Conference of Pennsylvania State Police Lodges, American Arbitration Association Case No. 14-390 1611 87 J (Thomas J. DiLauro, Chair), hereinafter referred to as the DiLauro Award. As a product of collective

---

1. The predecessor to the Association was the State Conference of State Police Lodges of the Fraternal Order of Police (FOP). Both the FOP and the Association were collective bargaining representatives for Pennsylvania State Police employees, which group included Claimants.

bargaining pursuant to Act 111,[2] the DiLauro Award changed certain pension benefit provisions of the State Employes' Retirement Code (Retirement Code), 71 Pa.C.S. §§ 5101–5956. We affirm.

Claimants are retired members of the Pennsylvania State Police and as such were enrolled in, made contributions to, and earned retirement credit in the State Employes' Retirement System (SERS). Additionally, as members of an Act 111 collective bargaining unit, Claimants were represented by the FOP (subsequently the Association), which entered into collective bargaining with the Commonwealth for the periods of July 1, 1988 through June 30, 1990 and July 1, 1990 through the date of the parties' stipulations of fact.

During the course of their negotiations, the FOP presented proposed changes to the pension and retirement benefits of State Police FOP members to an Act 111 arbitration board established to effectuate binding arbitration. On February 17, 1988, the arbitration board, under the direction of Thomas J. DiLauro, Chair (as indicated above), issued an award granting the proposed changes in pension and retirement benefits. The Commonwealth filed a petition for review addressed both to this Court's original and appellate jurisdictions, in which it challenged the neutrality of Arbitrator DiLauro in granting the Award. On July 13, 1988, this Court vacated portions of the DiLauro Award, including those pertaining to pension benefits. Subsequently, our Supreme Court, in *Commonwealth v. Conference of State Police Lodges*, 525 Pa. 40, 575 A.2d 94 (1990) (*State Conference III*), reversed this Court's decision and found that the arbitration board had authority to grant the award.

At a meeting of the SERB on September 26, 1990, attended by FOP representatives, an Implementing Resolution for the DiLauro Award was issued that provided the following:

The awarded benefits of 50% of the highest year's salary after 20 years of service or 75% of the highest year's salary after 25 years of service shall be inserted into the Retirement Code structure in lieu of the standard single life annuity for purposes of calculating a withdrawal or superannuation annuity under Section 5702(a)(1). For the purposes of this paragraph, the term 'year' shall mean calendar year and shall exclude the calendar year in which occurs the date of termination of employment. All other code benefits remain in full force and effect. . . .

After concluding that it had authority to implement the foregoing proposal without additional legislative action, the SERB held meetings, which FOP representatives were invited to attend, to determine what changes in the Retirement Code's existing benefits were necessitated by the DiLauro Award. In the meantime, the Implementing Resolution was adopted, and SERS began administering the Award.

In compliance with the changes set forth in the DiLauro Award, the benefits of Claimants, as retired state police members of SERS, were recalculated and adjusted prospectively and retroactively from the effective, respective dates of Claimants' retirement. Petitioners appealed the recalculation of benefits, alleging it to be a retroactive and unconstitutional application of the Implementing Resolution. During the pendency of this appeal, SERS resumed paying unadjusted benefits, subject to adjustment upon resolution of all appeals. By order and opinion dated July 17, 1995, the SERB denied Petitioners' claims. It is from this order that Petitioners now appeal.

■ Our scope of review is limited to determining whether there was a violation of constitutional rights or an error of law, and whether any finding of fact is unsupported by substantial evidence. *Wingert v. State Employes' Retirement Board*, 138 Pa. Cmwlth. 43, 589 A.2d 269 (1991).

Petitioners contend that replacing the standard single life annuity provisions of the

---

**2.** The Collective Bargaining for Policemen and Firemen Act, Act of June 24, 1968, P.L. 237, *as* *amended*, 43 P.S. § 217.1–217.10.

Retirement Code [3] with the pension calculation formula set forth in the DiLauro Award's Implementing Resolution effectively reduced their benefits. Further, Petitioners argue that the Award's pension benefit formula was intended as an optional alternative to the single-life annuity pension benefit formula under the Retirement Code, and that under the Award, Claimants could choose the benefit formula that would result in the highest benefits. Finally, Petitioners aver that the alleged reduction in pension benefits effectuated by calculating them in accordance with the Award is an unconstitutional impairment of the contractual benefits they enjoyed before the litigation efforts of their collective bargaining unit resulted in the grant of the DiLauro Award.

■ We disagree with Petitioners' position, considering that while active members of SERS, they belonged to an Act 111 collective bargaining unit authorized to enter into binding arbitration on their behalf in a variety of matters, including pension and retirement benefits. Petitioners are bound by the total result negotiated by the union on their behalf and cannot selectively choose or reject aspects of a negotiated agreement as they would wish. Accordingly, the Act 111 Di-Lauro Award is binding upon Petitioners, even though calculation of Claimants' pensions pursuant to the Award formula yields a less beneficial result than the Retirement Code formula.

The SERB's affirmance of the Award is consistent with this Court's decision in *Pennsylvania State Troopers Association v. Commonwealth of Pennsylvania*, 145 Pa.Cmwlth. 291, 603 A.2d 253, 255 (1992), wherein we clarified the obvious conflict between Section 5955 of the Retirement Code [4], as amended in 1991, and Act 111, with respect to the impact of arbitration awards upon pension benefits. This case acknowledged that "[t]he original Section 5955 of the Retirement Code provided that pension rights of state employees shall be determined solely by the Retirement Code, and that no collective bargaining agreement between the Commonwealth and its employees shall be construed to change the provisions of the Retirement Code." *Id.* 603 A.2d at 254. In resolving the ostensible conflict between Section 5955 of the Retirement Code and Act 111 awards, however, this Court ultimately looked to the result reached by our Supreme Court in *State Conference III*, wherein the Court stated:

> Quite simply, the statute [Retirement Code] does not prohibit bargaining over pension benefits, nor does it prohibit pension benefits from being affected by arbitration awards. The Retirement Code prohibits only *collective bargaining agreements* from determining pension rights.

---

3.  71 Pa.C.S. § 5702(a) provides in pertinent part as follows:

    Any full coverage member who is eligible to receive an annuity pursuant to the provisions of section 5308(a) or (b) (relating to eligibility for annuities) shall be entitled to receive a maximum single life annuity attributable to his credited service and equal to the sum of the following single life annuities beginning at the effective date of retirement:

    (1) A single life annuity multiplied by the sum of the products, determined separately for each class of service, obtained by multiplying the appropriate class of service multiplier by the ratio of years of service credited in that class to the total credited service....

4.  Section 5955 of the Retirement Code, as amended by Section 24 of the Act of August 5, 1991, P.L. 183, provides:

    Regardless of any other provision of law, pension rights of State employees shall be determined solely by this part or any amendment thereto, and no collective bargaining agreement nor any arbitration award between the Commonwealth and its employees or their collective bargaining representatives shall be construed to change any of the provisions herein, to require the board to administer pension or retirement benefits not set forth in this part, or otherwise require action by any other government body pertaining to pension or retirement benefits or rights of State employees. *Notwithstanding the foregoing, any pension or retirement benefits or rights previously so established by or as a result of an arbitration award shall remain in effect after the expiration of the current collective bargaining agreement between the State employees so affected and the Commonwealth.* The provisions of this part insofar as they are the same as those of existing law are intended as a continuation of such laws and not as new enactments. The provisions of this part shall not affect any act done, liability incurred, right accrued or vested, or any suit or prosecution pending or to be instituted to enforce any right or penalty or to punish any offense under the authority of any repealed laws. (Emphasis added.)

. . . .

It therefore seems clear that an arbitration board has the authority, both constitutional and statutory, to issue an award affecting police pension benefits, and such an award is a mandate to the legislature to enact whatever legislation is necessary to implement or fund the arbitration award. . . . We therefore conclude that the arbitration award granting increased pension benefits to the state police was constitutionally and statutorily permissible. . . .

*Id.* at 44–46; 575 A.2d at 96–97. In this regard, *Pennsylvania State Troopers* resolved any conflict between Act 111 (enacted in 1968), allowing arbitration awards to affect pension benefits, and Section 5955 of the Retirement Code (amended in 1991), disallowing the foregoing, by enunciating the following:

[T]he statute latest in date of final enactment shall prevail. 1 Pa.C.S. § 1936. Because Section 5955 of the Retirement Code was enacted in 1991, it necessarily prevails over any inconsistent provision of Act 111, which was enacted in 1968.

*Pennsylvania State Troopers,* 603 A.2d at 256. Section 5955 of the Retirement Code, as amended by the Act of August 5, 1991, specifically states that

[n]otwithstanding the foregoing [prohibition against collective bargaining agreements or arbitration awards affecting pension rights], any pension or retirement benefits previously so established by or as a result of an arbitration award shall remain in effect after the expiration of the current collective bargaining agreement between the State employees so affected and the Commonwealth.

Applying the foregoing caveat to the present case, because the pension and retirement benefit changes of the DiLauro Award were granted in 1988, before the 1991 date of the Section 5955 amendment, they remain in effect.

We therefore find no error on the part of the State Employes' Retirement Board, and we affirm its order denying Claimants' objections.

### ORDER

**AND NOW,** this 20th day of June, 1996, the July 17th, 1995 order of the State Employes' Retirement Board in the above-captioned matter is affirmed.