**John R. LITTLE, Petitioner,**

v.

**STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2000.

Decided Oct. 5, 2000.

As Amended Oct. 16, 2000.

James L. McAneny, Harrisburg, for petitioner.

Nicholas J. Marcucci, Harrisburg, for respondent.

BEFORE: COLINS, Judge, LEADBETTER, Judge, LEDERER, Senior Judge.

COLINS, Judge.

John Little petitions for review of the order of the State Employes' Retirement Board denying his claim for supplemental benefits provided by 71 Pa.C.S. § 5708.3 that would have increased his pension benefits from July 1, 1994 through June 30, 1996.

The following facts are stipulated. Little retired on January 5, 1992 at the age of 46 years, with 25 years of service with the Pennsylvania State Police. During his years of service, Little made contributions to the State Employes' Retirement System (SERS), and he was a member of the Pennsylvania State Troopers Association (PSTA, formerly the FOP), which in 1988 negotiated changes to its members' pension and retirement benefits that were upheld in *Commonwealth v. State Conference of State Police Lodges*, 525 Pa. 40, 575 A.2d 94 (1990).[1] The negotiated benefits are popularly known as the DiLauro Award, named after the chairman of the Act 111[2] arbitration board. The DiLauro Award provides that a PSTA member, regardless of age, may retire at 50% of the highest year's salary after 20 years of service and at 75% of the highest year's salary after 25 years of service. The Board implemented the DiLauro Award by resolution. Under the terms of the DiLauro Award, Little was eligible for and received 75% of his highest year's salary.

In April 1994, the General Assembly amended the State Employes' Retirement Code[3] to provide for a supplemental annuity in the nature of a cost-of-living adjustment commencing in 1994. Little telephoned his local SERS office to inquire about his eligibility for the supplement, and in August 1994 a retirement counselor informed him that he would not be eligible for the supplement until the July after he reached age 50. Little reached age 50 in April 1996 and began receiving the benefit supplement on July 1, 1996. Little and other state police officers who retire under the DiLauro Award and who have not reached age 50 do not receive supplemental annuity benefits until the July that falls after they reach their superannuation age. The parties agree that the outcome of this case will govern the interpretation and application of 71 Pa.C.S. § 5708.5 (supplemental annuities commencing in 1998), which is essentially identical to the 1994 supplemental benefit at 71 Pa.C.S. § 5708.3.

Little appealed SERS's 1994 denial of the supplemental annuity benefit to the

---

1. Superseded by statute, 71 Pa.C.S. § 5955.

2. The Collective Bargaining for Policemen and Firemen Act, Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. § 217.1–217.10.

3. 71 Pa.C.S. §§ 5101–5956.

Board, which adopted the hearing examiner's findings, conclusions, and legal analysis in affirming the denial of benefits. The Board concluded that state police officers who retire under the terms of the DiLauro Award are subject to the Retirement Code's definition of superannuation age and are not eligible for supplemental annuity benefits until the July following their attainment of age 50. The Board's order denied Little's request and the requests of all similarly situated retired officers.

On appeal[4] to this Court, Little argues 1) that the DiLauro Award supplanted the superannuation age provision of the Retirement Code and replaced it with a pure term of service; and 2) that the Board should be judicially estopped from asserting the continued viability of the superannuation age provision because it had previously argued, in another case, that the DiLauro Award replaced the single-life annuity provisions of 71 Pa.C.S. § 5702(a).

Citing the analysis in *Pennsylvania State Troopers Association v. Pennsylvania State Employes' Retirement Board,* 677 A.2d 1329 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 734, 689 A.2d 237 (1997) (*Barkofsky* ), Little first argues that the DiLauro Award replaced and supplanted the single-life annuity provisions found in 71 Pa.C.S. § 5702(a), which governs "a member who is eligible to receive an annuity pursuant to the provisions of section 5308(a) or (b)[,]" which respectively govern superannuation annuities and withdrawal annuities. Based on that analysis, Little argues, Section 5308(a) and (b) have also been replaced by the DiLauro Award and state police retirements are governed solely by years of service. He argues that the Retirement Code's concept of superannuation age does not apply to state police who retire under the terms of the DiLauro Award. Similarly, Little argues that the

Retirement Code's definition of "superannuation age" as being age 50 for state police officers predates the DiLauro Award and specifically relates to eligibility under Section 5308(a), so it too has been replaced.

The Board argues that the DiLauro Award did not replace the Retirement Code's superannuation age provisions otherwise applicable to retired state police officers and that its application is entirely consistent with the results reached by the Board and with this Court's decision in *Barkofsky,* which raised entirely different issues. The Board contends that the DiLauro Award replaced only the first component of the six-part, single-life annuity formula (that is, Section 5702(a)(1) only),[5] which component represents the standard single-life annuity calculation, as adjusted if the retiree is under superannuation age, a member of a special service class, or a joint coverage member. According to the Board, state police officers who retire with less than 20 years of service receive benefits calculated using the statutory benefit formula unchanged by the DiLauro Award; those with 20 or 25 years of service receive either 50% or 75% of the highest year's salary plus any benefits provided under Section 5702(a)(2) through (6) for which they are eligible.

■ Having considered the statutory provisions in question, the applicable case law, and the arguments, we agree with the Board's argument that the DiLauro Award replaced only the first component of the standard single-life formula represented in Section 5702(a)(1). The Board implemented the Award by resolution, which clearly states:

> The awarded benefits of 50% of the highest year's salary after 20 years of service or 75% of the highest year's salary after 25 years of service shall be

---

4. Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

5. The other five components are set forth in 71 Pa.C.S. § 5702(a)(2) through (6).

inserted into the Retirement Code structure in lieu of the **standard single life annuity for purposes of calculating a withdrawal or superannuation annuity under Section 5702(a)(1)....** **All other code benefits remain in full force and effect....**

(Emphasis added.) The *Barkofsky* decision, although deciding other issues, supports the Board's position.

*Barkofsky* arose after the Board began recalculating and adjusting the retirement benefits of retired state police officers and some retirees ultimately received a reduction in benefits. The PSTA and affected retirees challenged the recalculation averring that the DiLauro Award's formula was intended to be an optional alternative to the standard single-life annuity formula and that the reduction in benefits under the Award was an unconstitutional impairment of contractual benefits. We rejected the petitioners' arguments and held that the DiLauro Award is binding on retiring PSTA members even though it results in a reduction of benefits for some retirees. Nothing in the *Barkofsky* decision supports Little's argument that the Award replaced Section 5308(a) and (b) or the Retirement Code's superannuation provisions.

■ Under the terms of the 1994 cost-of-living adjustment, "[c]ommencing with the first monthly annuity payment after July 1, 1994, any eligible benefit recipient shall be entitled to receive a further additional monthly supplemental annuity from the system." 71 Pa.C.S. § 5708.3(a). "Eligible benefit recipient" is defined as

[a] person who is receiving a superannuation, withdrawal or disability annuity and who commenced receipt of that annuity on or prior to June 30, 1992, but the supplemental annuities shall not be payable to an annuitant receiving a withdrawal annuity prior to the first day of July coincident with or following the annuitant's attainment of superannuation age.

71 Pa.C.S. § 5708.3(g). Superannuation age for state police officers is age 50. 71 Pa.C.S. § 5102. Under the Retirement Code, Little and other state police officers who retire under the terms of the DiLauro Award are not entitled to supplemental annuity benefits without regard to age. Such officers are not entitled to supplemental annuity benefits until the July following their attainment of age 50.

■ We find no merit in Little's contention that the Board is judicially estopped from arguing that the Retirement Code's superannuation provision apply to retired state police officers because in *Barkofsky* it took the position that the DiLauro Award replaced the single-life annuity provisions of 71 Pa.C.S. § 5702(a). Even if we were to accept Little's characterization of the Board's argument in *Barkofsky* (and we do not), judicial estoppel is not applicable in this case. Under the doctrine of judicial estoppel, a party is bound by its judicial declarations and is precluded from taking an inconsistent position in a subsequent proceeding involving the same issues and parties. *In re Superior–Pacific Fund, Inc.,* 693 A.2d 248 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 550 Pa. 695, 704 A.2d 1384 (1997). Neither the parties nor the issues are the same in the present case and *Barkofsky.* In *Barkofsky,* the petitioners—Pennsylvania State Troopers Association, Barkofsky and two other retired officers—challenged the applicability of the DiLauro Award in circumstances when it would result in a reduction in the retiree's pension benefits; that case did not challenge the applicability of the Retirement Code's superannuation provisions to officers who retire under the terms of the DiLauro Award.

Accordingly, the order of the Board is affirmed.

### O R D E R

AND NOW, this 5th day of October 2000, the order of the State Employes'

Retirement Board in the above-captioned matter is affirmed.