Jackikay Randall,            :
          Petitioner      :
                              :
       v.                      :
                              :
City of Philadelphia (Workers'      :
Compensation Appeal Board),      :    No. 415 C.D. 2022
          Respondent     :    Submitted: December 9, 2022

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: January 31, 2023

      Jackikay Randall (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) dated March 30, 2022. Claimant challenges the portion of the Board's order that affirmed the order of a workers' compensation judge (WCJ) granting Claimant's reinstatement petition and reinstating her benefits to total disability status as of October 15, 2019, the date of the reinstatement petition. Claimant asserts that the Board should have reinstated her total disability benefits retroactively to February 22, 2016, the date of the original modification of her status from total to partial disability. Claimant maintains that she has a vested property right to benefits under the Pennsylvania Constitution,

Article I, Sections 1, 2, and 11.[1]  As we have consistently done in numerous similar cases, we affirm the Board's order.

## I. Background

The facts of this matter are not in dispute.  Claimant sustained a work-related injury in September 2003 while employed as a police officer for the City of

_____

[1] Article I, Section 1 provides:

> § 1.  Inherent rights of mankind.

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, § 1.

Article I, Section 2 provides:

> § 2.  Political powers.

> All power is inherent in the people, and all free governments are founded on their authority and instituted for their peace, safety and happiness.  For the advancement of these ends they have at all times an inalienable and indefeasible right to alter, reform or abolish their government in such manner as they may think proper.

Pa. Const. art. I, § 2.

Article I, Section 11 provides:

> § 11.  Courts to be open; suits against the Commonwealth.

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.  Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, § 11.

2

Philadelphia (Employer). Bd. Dec. at 1. On February 22, 2016, she underwent an impairment rating evaluation (IRE) at Employer's behest in accordance with former Section 306(a.2) of the Workers' Compensation Act (Act),[2] former 77 P.S. § 511.2.[3] The IRE resulted in an impairment rating of less than 50%. Bd. Dec. at 1. Accordingly, Employer filed a modification petition, which was granted by agreement of the parties, modifying Claimant's disability status from total disability to partial disability as of the IRE date. *Id.* Neither party appealed. *Id.*

In 2017, the Pennsylvania Supreme Court held that the IRE provision of former Section 306(a.2) violated the Pennsylvania Constitution by impermissibly delegating legislative authority to a private entity. *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827 (Pa. 2017). Concluding that the delegation provision was not severable, the Court struck the entirety of Section 306(a.2) from the Act. *Id.*

In October 2019, Employer filed a termination petition averring that Claimant fully recovered from her work injury as of September 19, 2019. Bd. Dec. at 1. Claimant denied the averments of the termination petition and filed a reinstatement petition in October 2019 seeking reinstatement of her total disability status as of February 22, 2016, the modification date based on the Pennsylvania Supreme Court's decision in *Protz*. *Id.* at 2. In December 2020, Claimant also filed a review petition seeking to expand the description of her work injury. *Id.*

In June 2021, a WCJ denied the termination petition and granted the review petition. Bd. Dec. at 2. Of relevance here, the WCJ also granted Claimant's reinstatement petition based on *Protz* and reinstated her total disability status as of

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[3] Added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2.

3

October 15, 2019, the date she filed the reinstatement petition. *Id.* Both Claimant and Employer appealed to the Board, which affirmed the WCJ's decision in all respects. *Id.* at 15.

Claimant then filed a petition for review in this Court, challenging only the effective date of the reinstatement of her total disability status.

## II. Issue

Before this Court,[4] Claimant argues that she had a vested right to workers' compensation total disability benefits. She posits that because our Supreme Court invalidated Section 306(a.2) and struck it from the Act, that provision was void *ab initio*. As a result, Claimant maintains that *Protz* requires reinstatement of her total disability status as of the February 2016 modification date, not the October 2019 reinstatement petition date.

## III. Discussion

The IRE provision contained in former Section 306(a.2) of the Act, 77 P.S. § 511.2, required physicians to conduct IREs according to "the most recent edition" of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides). In *Protz*, our Supreme Court held that former Section 306(a.2) unconstitutionally delegated legislative authority to a private party, in that the legislature did not retain authority or input concerning the standards that might be contained in any future edition of the AMA Guides. 161

---

[4] This Court's review of a workers' compensation decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Pocono Mt. Sch. Dist. v. Kojeszewski (Workers' Comp. Appeal Bd.)*, 280 A.3d 12, 16 n.4 (Pa. Cmwlth. 2022).

4

A.3d at 837-38. Concluding that the "most recent edition" language could not be severed from the rest of Section 306(a.2), our Supreme Court held that the entirety of Section 306(a.2) was unconstitutional and struck it from the Act.[5] *Id.* at 840-41.

Before this Court, Claimant asserts that the invalidation of former Section 306(a.2) in *Protz* entitled her to reinstatement of her total disability status as of the February 2016 modification date rather than the October 2019 reinstatement petition date. We disagree.

In *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*), this Court held that where a claimant receiving partial disability benefits has filed a reinstatement petition based on *Protz*, the reinstatement of total disability status shall be effective as of the date of the reinstatement petition, not the modification date. In post-*Whitfield* cases, we have repeatedly rejected the very argument Claimant asserts here, *i.e.*, that a claimant seeking reinstatement of total disability benefits pursuant to *Protz* is entitled to retroactive reinstatement back to the original modification/IRE date on the basis that former Section 306(a.2) was void *ab initio*. *See, e.g.*, *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 438 (Pa. Cmwlth. 2022) (rejecting the claimant's assertions when our Supreme Court struck former Section 306(a.2) in *Protz*, that provision was void *ab initio* and claimant who underwent an IRE prior to *Protz* was automatically restored to pre-IRE status; stating that "our courts have never held that to be the case, and several

---

[5] In response to *Protz*, the legislature enacted the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed section 306(a.2) and replaced it with section 306(a.3) of the Act, 77 P.S. § 511.3. Under Section 306(a.3), an IRE must be conducted in accordance with the Sixth Edition of the AMA Guides, published in 2007, and a claimant's whole body impairment must be less than 35% in order for the claimant to be moved from total to partial disability status. 77 P.S. § 511.3.

decisions have placed temporal limits on the application of *Protz* . . . "); *Pullin v. Sch. Dist. of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 727 C.D. 2021, filed Feb. 25, 2022),[6] slip op. at 4-5 n.5, *appeal denied*, 280 A.3d 866 (Pa. 2022) (declining to accord "full retroactivity" to *Protz* by holding that the IRE process under former Section 306(a.2) was void *ab initio*) (citing, *inter alia*, *Weidenhammer v. Workers' Comp. Appeal Bd. (Albright Coll.)*, 232 A.3d 986, 989-95 (Pa. Cmwlth.), *appeal denied*, 242 A.3d 912 (Pa. 2020)); *White v. Workers' Comp. Appeal Bd. (City of Phila.)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020) (*en banc*) (reaffirming *Whitfield* and holding that reinstatement of total disability benefits was effective only "as of the date of [the] reinstatement petition, not the effective date of the change in [the claimant's] disability status from total to partial"). We likewise reject Claimant's argument here.

We also reject Claimant's vested right argument. In *Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), our Supreme Court applied *Protz* to grant a modification from partial to total disability as of the previous IRE date, but only because the claimant was already litigating a constitutional challenge to former Section 306(a.2) at the time *Protz* was decided. Our Supreme Court in *Dana Holding* agreed with this Court's conclusion "that a disability modification is not vested when it remains subject to a preserved challenge pursued by a presently aggrieved claimant." *Id.* at 649. Accordingly, the Court concluded "the general rule in Pennsylvania will be that . . . a holding of this Court that a statute is unconstitutional will generally be applied [retroactively only as] to cases pending on direct appeal in which the constitutional challenge has been

---

[6] Pursuant to Section 414(a) of our Internal Operating Procedures, unreported opinions of this Court issued after January 15, 2008 may be cited as persuasive. 210 Pa. Code § 69.414(a).

6

raised and preserved." *Id.* at 693; *see also White*, 237 A.3d at 1231 (distinguishing *Dana Holding* from *Whitfield*). Here, Claimant had no such constitutional challenge pending when *Protz* was decided. Thus, the February 2016 modification was not "subject to a preserved challenge pursued by a presently aggrieved claimant" on the date of the *Protz* decision. *Dana Holding*, 232 A.3d at 649. Accordingly, Claimant was not entitled to benefit from a retroactive application of *Protz* beyond the date of her reinstatement petition.

In addition, as Employer aptly observes, Claimant's arguments here were also asserted before this Court by the same counsel and were rejected in *Yeager v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 709 C.D. 2021, filed Aug. 4, 2022). This Court summarized its analysis and conclusion regarding those arguments as follows:

> Claimant's benefits were modified by stipulation by a WCJ's decision . . . , based on the IRE . . . . Neither party appealed the modification. Claimant filed for reinstatement . . . after *Protz* [] was decided. Therefore, we are bound to follow *Whitfield* and its progeny, and we hold that Claimant's reinstatement was properly granted as of the date that Claimant filed for reinstatement . . . . Further, because Claimant's IRE was not in active litigation when *Protz* [] was decided, *Dana Holding* does not apply to alter the effective date of Claimant's reinstatement.

*Id.*, slip op. at 9. That analysis applies equally here.

On August 29, 2022, the claimant in *Yeager* filed a petition for allowance of appeal in our Supreme Court, but the Court has not yet ruled on whether to grant allocatur in that case. Unless and until our Supreme Court reverses our decision in *Yeager*, we find our reasoning in that case persuasive, and we follow it here. *See Pa. State Troopers Ass'n v. Commonwealth*, 603 A.2d 253, 256 (Pa.

7

Cmwlth. 1992) (adhering to the reasoning of a prior similar decision despite a pending appeal of the prior decision to the Pennsylvania Supreme Court).

## IV. Conclusion

Based on the foregoing discussion, we affirm the Board's order.


_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jackikay Randall,               :
          Petitioner       :
                       :
       v.               :
                       :
City of Philadelphia (Workers'  :
Compensation Appeal Board),   :   No. 415 C.D. 2022
          Respondent   :

## O R D E R

AND NOW, this 31st day of January, 2023, the order of the Workers' Compensation Appeal Board, dated March 30, 2022, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge