**Robert H. DAVIS, Jr., M.D., Petitioner,**

v.

**STATE EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1997.
Decided Oct. 2, 1997.

William A. Fetterhoff, Harrisburg, for Petitioner.

Nicholas Joseph Marcucci, Harrisburg, for Respondent.

Before McGINLEY and PELLEGRINI, JJ., and MIRARCHI, Jr., Senior Judge.

McGINLEY, Judge.

Robert H. Davis, Jr., M.D. (Claimant) appeals from an order of the State Employes' Retirement Board (Board) which denied his request to purchase creditable state service for his position as a psychiatric resident at the Milton S. Hershey Medical Center of the Pennsylvania State University (Medical Center).[1] We affirm.

Claimant, a licensed physician, was classified as a Psychiatric Resident Physician during his residency at the Medical Center from July 1, 1975, through June 30, 1978. As a Psychiatric Resident Physician at the Medical Center, Claimant was a participant in a graduate medical program. Claimant's primary purpose in participating in the graduate medical program was to fulfill qualifications for board certification in the specialty of psychiatry. While Claimant was enrolled in the residency program he was not a member of the Pennsylvania State Employe's Retirement System (Retirement System). Claimant began employment with Harrisburg State Hospital in January of 1979 and joined the Retirement System. On March 27, 1992, Claimant requested that his residency be credited as service for purposes of the Retirement System.

Claimant's request was denied and he appealed to the Board. The Board permitted the Pennsylvania State University to intervene and following an administrative hearing, held on March 23, 1994, the hearing examiner recommended denial of Claimant's request. In an opinion and order dated May 29, 1996, the Board denied Claimant's request concluding that he was not a state employee while a medical resident. Claimant appeals.

On appeal, Claimant raises two issues for our review. First, Claimant contends that the Board erred when it concluded that he was not a state employee engaged in creditable state service during his residency. Second, Claimant asserts that the denial of his request to purchase credit for the period of his residency violated his right to equal protection under the laws of both the Common-

1. On August 18, 1997, this Court issued an order granting reconsideration and withdrawing the opinion and order of June 19, 1997, in the above-captioned case.

wealth and the United States. We note that our scope of review is limited to determining whether the Board committed an error of law, whether constitutional rights were violated, and whether the Board's findings are supported by substantial evidence. *Estate of McGovern v. State Employee's Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

■ Initially, Claimant asserts that the Board erred when it determined he was ineligible to purchase state service for the period of his medical residency. Our Pennsylvania Supreme Court addressed this issue in the recent case of *Simmonds v. State Employees' Retirement System*, — Pa. —, 696 A.2d 801 (1997). In *Simmonds*, Mary Simmonds (Simmonds) attempted to purchase creditable state service for her position as a medical resident at the Medical Center. Following completion of her residency, Simmonds became an assistant professor of medicine at the Medical Center and joined the Retirement System. Our Pennsylvania Supreme Court found Simmonds was ineligible to purchase state credit because medical residents are not state employees during a residency program. The Court reasoned that "the services rendered by Appellee [Simmonds] were not structured solely to meet the hospital's needs but rather were to ensure that Appellee obtained the education and training required by the accrediting organization as a prerequisite to her certification." *Id.* at —————, 696 A.2d at 803–804. The Court further reasoned that treating medical residents as employees did not serve the purpose of the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. §§ 5101–5956, which is to attract applicants with a more attractive compensation package, noting that most medical residents are in debt and would not want a portion of their stipend withheld. *Id.* at —, 696 A.2d at 804.

We find the present controversy squarely on point with *Simmonds*. Here, as in *Simmonds*, Dr. Davis worked as a psychiatric resident in order to fulfill qualifications for board certification in the specialty of psychiatry.

■ Claimant also contends that the denial of his request to purchase state credit for his time as a medical resident violates his constitutional right to equal protection under the laws of both the Commonwealth and the United States. Claimant introduced evidence into the record that medical residents in psychiatry at certain state mental hospitals are considered to be employees by the Department of Public Welfare (DPW) and are enrolled by DPW in the Retirement System. Notes of Testimony (N.T.), March 23, 1994, at 26; Reproduced Record (R.R.) at 59a.[2] Claimant presented the testimony of Dr. Dennis Milke (Dr. Milke), medical director of the state Office of Mental Health, who stated that medical residents at state hospitals receive essentially the same training and perform the same duties as do residents at the Medical Center. Dr. Milke also testified that the residency programs at the state hospitals and the Medical Center are both accredited by the Accreditation Council for Graduate Medical Education. N.T. at 72; R.R. at 105a. Therefore, Claimant contends that because the residency programs at the state hospitals and at the Medical Center are the same, Claimant's inability to purchase state credit for his time spent as a resident at the Medical Center while residents at state hospitals were enrolled in the Retirement System violated his right to equal protection.

Although our Pennsylvania Supreme Court in *Simmonds* did not explicitly address the equal protection argument put forth by Claimant, the reasoning in *Simmonds* resolves this issue. As noted above, the Court determined that a primary purpose of a residency program is to enable the resident to gain the education and experience necessary to receive certification in a particular specialty. The Court further noted that enrolling residents in the Retirement System would not serve to attract prospective residents because most residents are in debt and would not want a retirement contribution deducted from their paychecks. DPW's decision to consider its residents eligible does not re-

2. According to Louise Bell, director of the Membership Services Division of the Retirement System, the Retirement System was unaware until this appeal that DPW was enrolling residents. N.T. at 239; R.R. at 272a.

quire the Retirement System to extend eligibility to medical residents enrolled with the Medical Center. The Retirement System is authorized to determine who may be enrolled. *See generally Watrel v. Department of Education*, 513 Pa. 61, 518 A.2d 1158 (1986). Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 2nd day of October, 1997, the order of the State Employes' Retirement Board at No. 1993–6, and dated May 29, 1996, is affirmed.