Barbara PERRY, Petitioner,

v.

STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2004.

Decided April 19, 2005.

Thomas W. Scott, Harrisburg, for petitioner.

M. Catherine Nolan, Asst. Counsel, Harrisburg, for respondent.

Douglas B. Marcello, Harrisburg, for intervenor, Harrisburg Area Community College.

BEFORE: McGINLEY, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Barbara Perry (Perry) appeals from a decision of the State Employees' Retirement Board (Board) which denied her request to join the State Employees' Retirement System (SERS). We affirm.

Perry is an adjunct faculty member at the Harrisburg Area Community College (HACC). On February 14, 2002, Perry submitted a letter to SERS in which she requested permission to join the retirement system. On April 24, 2003, a hearing was held before a Hearing Examiner, who made the following relevant findings of fact:

12. Claimant has been a temporary part-time employee of HACC as an adjunct faculty member ... from the fall semester of 1983 to the date of the hearing herein, except for the spring semesters of 1985 and 1992.

13. Before each semester that Claimant was employed with HACC, HACC had first offered her work through a contract denoted "Scheduling Assignment."

14. The Scheduling Assignment for the 2003 Spring Semester executed by HACC ... and by the Claimant ... contains the following provision:

The College reserves the right to reassign courses to other staff or to cancel classes in cases of insufficient enrollment or as the needs of the College change from time to time. If a class is cancelled, you will be paid on a prorated basis for any hours actually taught, and the College's obligation will cease.

15. The same Scheduling Assignment contains the following provision immediately above Claimant's signature:

I understand that this scheduling assignment is limited, subject to approval of the President of the College, and temporary, implying no commitment on behalf of the College for future employment and specifically does not provide for tenure.

16. Since 1983, the Claimant accepted these or very similar terms each time she accepted HACC's offers of employment as an adjunct faculty member.

17. HACC relies upon the aforesaid provisions when selecting adjunct faculty and making assignments for offers of employment.

18. When Claimant executed each Scheduling Assignment, she neither relied upon or had an expectation of participation in any retirement program offered through HACC to full-time faculty and staff.

19. Each Scheduling Assignment offered temporary part-time employment for one semester, and was signed before the beginning of the semester that it applied to.

(Hearing Examiner's decision, pp. 3–4; citations to the record omitted).

■ The Hearing Examiner concluded that because Perry was employed on a temporary basis she was not eligible for membership in SERS. The Board accepted the Hearing Examiner's decision and wrote its own decision denying Perry's request to join SERS. Perry's appeal to this Court followed.[1]

The State Employees' Retirement Code (Retirement Code) was enacted in 1959. At this time, employees of community colleges were not included in the definition of "State Employee". When the Retirement Code was repealed and re-codified in 1974, community college employees were added to the definition of "State Employee." Specifically, Section 5102 of the Retirement Code provides that:

"State employee." Any person holding a State office or position under the Commonwealth, employed by the State Government of the Commonwealth, in any capacity whatsoever, except an independent contractor or any person compensated on a fee basis or any person paid directly by an entity other than a State Employees' Retirement System employer, and shall include members of the General Assembly, and any officer or employee of the following:

. . .

(1) (i) The Department of Education.

(ii) State-owned educational institutions.

(iii) *Community colleges.*

71 Pa.C.S. § 5102 (emphasis added). Section 5301 of the Retirement Code provides that:

(a) **Mandatory membership.**—Membership in the system shall be mandatory as of the effective date of employ-ment for all *State employees* except the following:

. . .

(14) Persons who are not members of the system and are employed on a per diem or hourly basis for less than 100 days or 750 hours in a 12–month period.

. . .

(c) **Prohibited membership.**—The State employees listed in subsection (a)(12), (13), (14) and (15) shall not have the right to elect membership in the system.

71 Pa.C.S. § 5301(a) (emphasis added). In addition, the regulations promulgated by the Board provide that:

(a) In those cases where an individual is employed on a *temporary basis with a predetermined date of termination which is less than one year,* although that may occur more than 100 days or 750 hours after the initial date of employment, such employe *shall not be eligible for membership* based thereon . . .

4 Pa.Code § 243.2(a) (emphasis added).

Community colleges were created by the Community College Act of 1963, Act of August 24, 1963, P.L. 1132, *as amended,* 24 P.S. §§ 5201–5214. At this time, the Community College Act was silent as to the retirement rights of community college employees. However, in 1965 the Legislature amended the Community College Act to add section 14(g) which provided that community college employees shall be eligible for inclusion in the Public School Employees' Retirement System.[2] In 1972, the State Employees Retirement System was added to the list of pension plans in

---

1. Our scope of review of a decision of the State Employees' Retirement Board is limited to determining whether there was a violation of constitutional rights or an error of law, and whether any finding of fact is unsupported by substantial evidence. *Wingert v. State Em-ployes' Retirement Board,* 138 Pa.Cmwlth. 43, 589 A.2d 269, 271 (1991).

2. Act of October 26, 1965, P.L. 651, No. 322, formerly 24 P.S. § 5214.

section 14(g) to which community college employees shall be eligible to join.[3] The Act of July 1, 1985, P.L. 103, No. 31, repealed the Community College Act and its provisions, including section 14(g), were re-enacted under the Public School Code of 1949 (Public School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–202. Thus, the old section 14(g) of the Community College Act became Section 1913–A(f) of the Public School Code. Essentially, the Legislature "moved" section 14(g) to the Public School Code. Section 1913–A(f), which is identical to the old section 14(g), provides that:

> (f) All administrative personnel, faculty, and other employes of the community colleges in the Commonwealth *shall be eligible for inclusion* in the Public School Employees' Retirement System of Pennsylvania, the Pennsylvania *State Employees' Retirement System,* or any independent retirement program approved by the Board of Trustees of a community college, and the Secretary of Education.

24 P.S. § 19–1913–A (emphasis added).

In summary, in 1972 the Community College Act (the provisions of which were moved intact to the Public School Code) was amended to provide that community college employees shall be eligible for membership in SERS. Two years later in 1974, the re-codified Retirement Code was changed to include employees of community colleges in the definition of a "State Employee" who is eligible to join SERS.

■ On appeal, Perry argues that: 1) the Board's decision violates Section 1913–A of the Public School Code, which provides that all employees of community colleges shall be eligible for membership in SERS, 2) the Board's decision violates Section 5102 of the Retirement Code, which

provides that community college employees are "state employees" for retirement eligibility purposes and 3) the Board erred by allowing its decision to be controlled by the HACC Scheduling Assignment because its language is inconsistent with the fact that she was a long-term employee of HACC rather than a temporary employee.

Section 5102 of the Retirement Code provides that community college employees are state employees and Section 5301 provides that all state employees, with certain exceptions, shall be eligible for membership in SERS. The Public School Code also provides that all employees of community colleges shall be eligible for membership in SERS. These two separate statutes relate to the same things. In this situation, the Statutory Construction Act provides that:

> § 1932. **Statutes in pari materia**
>
> (a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.
>
> (b) Statutes in pari materia *shall be construed together, if possible, as one statute.*

1 Pa.C.S. § 1932.

Construing the Retirement Code and the Public School Code together, it is evident that Perry, as an employee of a community college, is potentially eligible to be a member of SERS. However, pursuant to Section 5301 of the Retirement Code, that eligibility is subject to certain requirements and the regulations promulgated by the Board to implement the Retirement Code sets forth certain eligibility requirements. Specifically, 4 Pa.Code § 243.2(a) states that: "In those cases where an individual is employed on a *temporary basis with a predetermined date of termination which is less than one year,* although that

---

**3.** Act of March 27, 1972, P.L. 148, No. 55,   formerly 24 P.S. § 5214.

may occur more than 100 days or 750 hours after the initial date of employment, such employe *shall not be eligible for membership* based thereon ..." (emphasis added). The Scheduling Assignment signed by Perry before each semester explicitly states that "I understand that this scheduling assignment is limited ... and *temporary, implying no commitment on behalf of the College for future employment* and specifically does not provide for tenure." (emphasis added). Thus, the question that must be answered in this case is whether Perry is a temporary employee and thus ineligible to join SERS pursuant to 4 Pa.Code § 243.2(a).

Perry acknowledges the fact that the language of the Scheduling Assignment states that her employment was temporary. However, Perry argues that the Board should have looked beyond the language of the Scheduling Assignment and considered the true nature of her employment relationship with HACC, which is that she has been an adjunct faculty member of HACC for more than twenty years. Perry further states that the Board should have considered the Governor's Office of Administration Management Directive 505.7, Chapter 1, Section 1.1, which is applicable to all Commonwealth agencies under the Governor's jurisdiction. Management Directive 505.7 sets forth a series of defined terms. Specifically, "Permanent Employee" is defined as:

> An employee who is hired with the expectation of being in an active pay status for more than 12 consecutive months or who is hired with the expectation of being in an active pay status from 9 to 12 consecutive months inclusive and with the expectation of working on an annually recurring basis ...

Perry argues that, clearly, adjunct faculty positions are permanent positions because they exist every year and comprise more than 50% of the teaching faculty. In addition, the fact that she worked as an adjunct faculty member for more than 20 years indicates that she had an expectation of continued employment and thus was a "Permanent Employee" pursuant to Management Directive 505.7.

In support of her argument, Perry cites *Community College of Philadelphia v. Pennsylvania Labor Relations Board,* 60 Pa.Cmwlth. 629, 432 A.2d 637 (1981). In that case, a group of adjunct faculty members of a community college sought the ability to bargain collectively under the Public Employee Relations Act. Although the Pennsylvania Labor Relations Board does not allow "casual" employees who have little likelihood of re-employment to collectively bargain, the Labor Relations Board determined that the adjunct faculty members, despite having signed employment contracts stating that they did not have a continued expectation of employment, were in fact more than "casual" employees and thus entitled to bargain collectively. The trial court affirmed the order of the Labor Relations Board and, on appeal, we affirmed the decision of the trial court. We stated that the inquiry into the nature of the employment relationship and the facts showed that the adjunct faculty had an expectation of re-employment despite the language of their employment contracts.

Perry also cites *Davis v. State Employees' Retirement Board,* 700 A.2d 1359 (Pa. Cmwlth.1997) and *Hoerner v. Public School Employees' Retirement Board,* 546 Pa. 215, 684 A.2d 112 (1996) for the proposition that an agreement by an agency of the Commonwealth to treat its employees in a manner inconsistent with the Retirement Code is not binding on SERS. In *Davis,* we concluded that the Department of Public Welfare's decision to consider its medical residents eligible for membership in SERS did not require SERS to extend

its eligibility requirements to medical residents because the retirement system is entitled to make determinations as to eligibility in SERS. In *Hoerner,* our Supreme Court determined that increases in a party's salary during his last year of employment pursuant to negotiated termination agreements constituted "severance payments" which were excludable from "compensation" for purposes of computing the party's "final average salary" under the Retirement Code. Thus, it was the Board, not the language of the negotiated termination agreement, which had the power to determine what benefits were due under the Retirement Code.

Perry argues that the case now before this Court is similar to *Davis* and *Hoerner* in that the Board should not be bound by the Scheduling Assignment in determining whether she is eligible for membership in SERS. We reject Perry's argument in this regard because *Davis* and *Hoerner* affirm the more basic proposition that it is up to the Board to determine who is eligible for membership in SERS pursuant to the Retirement Code and the relevant regulations. In making this determination, the Board must look at the facts of the case. In this case, it is a fact that the Scheduling Assignment signed by Perry states that her employment is temporary. *Davis* and *Hoerner* do not preclude the Board from relying on this evidence in making its determination as to Perry's eligibility in SERS. Therefore, the Board did not err in relying on the language of the Scheduling Assignment in making its decision.

■ As to Claimant's argument that the Board erred by not looking beyond the terms of the Scheduling Assignment in determining her eligibility to join SERS, we do not believe that the Board erred in this regard. The *Community College* case that Perry cites in support of her argument that her employment was permanent rather than temporary despite the language of the Scheduling Assignment is a case dealing with the Public Employee Relations Act and is thus not applicable to this case. As such, we do not believe that the Board erred by relying on the language of the Scheduling Assignment, which specifically states that Perry was a temporary employee, in making its determination as to Perry's eligibility to join SERS. Furthermore, the Scheduling Assignments are only signed on a semester to semester basis. Thus, Perry would not be a "Permanent Employee" under Management Directive 505.7 because she was not hired with the expectation of being hired for more than twelve consecutive months. Additionally, there was other evidence cited by the Board besides the Scheduling Assignment which indicated that Perry was a temporary employee rather than a permanent employee. Specifically, the Board noted that, as a temporary employee, Perry's duties were significantly different than the duties of full-time faculty members on a tenure-track. For these reasons, the Board did not err as a matter of law in determining that Perry was a temporary employee rather than a permanent employee and thus ineligible for membership in SERS pursuant to 71 Pa.C.S. § 5301(a) and 4 Pa.Code § 243.2(a), which provides that temporary employees with a predetermined date of termination of less than one year are not eligible for membership in SERS.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, April 19, 2005, the order of the State Employees' Retirement Board dated April 6, 2004 is hereby AFFIRMED.