**Brenda A. PUNDT, Appellant**

v.

**CITY OF ERIE OFFICERS' AND EMPLOYEES' RETIREMENT BOARD.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 2007.

Decided March 13, 2007.

Reargument Denied En Banc May 9, 2007.

---

928

Richard T. Ruth, Erie, for appellant.

John B. Enders, Erie, for appellee.

BEFORE: COLINS, Judge, McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Brenda A. Pundt (Pundt) appeals from an order of the Court of Common Pleas of Erie County (trial court) which denied her motion for summary judgment and granted the cross-motion for summary judgment filed by the City of Erie Officers' and Employees' Retirement Board (Board). We vacate and remand.

The history of this case is as follows. From January of 1990, through January 7, 2002, Pundt served three four-year terms as the elected Controller of the City of Erie. In this position, Pundt participated in the City of Erie Officers' and Employees' Retirement Plan (Plan).[1] According to the Plan, an individual who retires at 60 years of age with at least twelve years of service is entitled to a monthly retirement benefit of 50% of the individual's rate of pay at the date of retirement. At the end of her final term as Controller, Pundt was 62 years old and her annual salary was $38,000.00.[2]

On January 8, 2002, one day after her term as Controller expired, Pundt entered into an employment agreement with the newly elected mayor of the City of Erie. The agreement provided that Pundt would be employed as a Pension Coordinator at an hourly rate of $27.50, not to exceed 35 hours weekly. Pundt would also receive health benefits, paid time off benefits including holidays and "[p]ension benefits provided to the Non-bargaining employees of The City." (R.R. at 15a.) The agreement further provided that Pundt's "employment shall begin on Jan 9, 2002 and end on Mar 29, 2002 unless earlier terminated by either party, with or without cause, and with or without notice."[3] (Id.)

In a letter dated January 17, 2002, the Director of Administration of the City of Erie terminated Pundt's services effective January 18, 2002 at 5:00 p.m. During her tenure, Pundt submitted bi-weekly time reports and received a total of $1540.00 in compensation for 56 hours of service. The City of Erie deducted pension contributions totaling $110.00.

On January 18, 2002, Pundt submitted a letter to the Board requesting approval of her pension at the Board's next scheduled meeting on January 22, 2002. At the Board meeting, discussion was held as to

1. The Plan is administered by the Board.

2. Specifically, Paragraph IX.D of the Ordinances of the City of Erie and Summary Plan Description for the City of Erie Officers' and Employees' Retirement Plan provides:
D. *Retirement after you complete 12, but less than 20, years of Service and have attained at least age 60:*
You are also eligible to retire from the Plan at anytime after you complete 12 years of Service and have attained at least age 60.

You must make application with the Retirement Board to start receiving your retirement income. The amount of your retirement benefit will equal 50% of your monthly rate of pay at the date of your retirement (or Average monthly Salary if higher).

3. An "Employee Hire Paper", which was approved by the Director of Human Resources and the Director, identifies Pundt's yearly salary as $50,050.00. (R.R. at 18a.)

Pundt's employment as Pension Coordinator and its effect on her pension request. Ultimately, the Board approved Pundt's pension based upon her Controller's salary which was in effect on January 7, 2002 ($38,000.00), not upon her Pension Coordinator rate of pay which was in effect on the date of her January 18, 2002 termination ($50,050.00).

On January 29, 2004, Pundt filed a writ of summons and on November 4, 2004, she filed an action for declaratory judgment. Pundt claimed that in accordance with paragraph IX.D, the calculation of her retirement benefits should have been 50% of her monthly rate of pay at her retirement date of January 18, 2002, at $50,050.00 or $25,025.00. The Board responded by filing an answer and new matter.

The parties thereafter engaged in discovery. In deposition testimony, Pundt stated that she believed that her position as Pension Controller would last for two years and that she bought a car based on such reliance. She also testified that retirement funds in the amount of $110.10 were deducted from her pay as a Pension Controller.

The Board provided deposition testimony that although pension contributions were deducted from Pundt's salary as Pension Controller, such was done in error. (R.R. at 109a–111a.) Further, the money deducted for pension contributions was never contributed to the Fund and was eventually returned to Pundt. (*Id.*)

After discovery, Pundt filed a motion for summary judgment. The Board filed a motion to dismiss Pundt's action for declaratory relief for lack of subject matter jurisdiction. On November 9, 2005, the trial court issued an order denying the

Board's motion to dismiss. The Board filed a cross-motion for summary judgment on December 9, 2005. The Board was thereafter granted permission to appeal from the trial court's November 9, 2005, interlocutory order. This court, on June 5, 2006, issued an order affirming the decision of the trial court and remanding the case for further proceedings. *City of Erie Officers' and Employees' Retirement Board v. Pundt,* No. 2572 C.D. 2205, 902 A.2d 1024 (Pa.Cmwlth. 2006).

On remand, the trial court concluded that Pundt's employment as a Pension Coordinator was temporary and therefore she was not eligible to participate in the Plan. In making this determination, the trial court looked to other jurisdictions which distinguished between temporary and permanent employees and also relied on this court's decision in *Perry v. State Employees' Retirement System,* 872 A.2d 273 (Pa.Cmwlth.2005). The trial court concluded that permanent employment is employment which lasts for more than one year or has an indefinite time frame. Because Pundt's employment contract as Pension Coordinator was for only three months, the trial court concluded that her employment as a Pension Coordinator was only temporary. Therefore, her pension benefit could only be calculated based on her lower Controller wages. The trial court denied Pundt's motion for summary judgment and granted the Board's cross-motion for summary judgment. This appeal followed.[4]

Pundt claims that the trial court erred in granting the Board's cross-motion for summary judgment after concluding that Pundt's job as Pension Coordinator did not

4. This court's review of a trial court's order granting summary judgment is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994).

constitute permanent employment and was therefore not subject to inclusion in the pension plan. We agree.

Initially, we observe that summary judgment is proper in cases that are clear and free from doubt. *Washington v. Baxter*, 553 Pa. 434, 719 A.2d 733 (1998). Summary judgment should only be granted if there exists no genuine issue of material fact. *Jones v. Cheltenham Township*, 117 Pa.Cmwlth. 440, 543 A.2d 1258 (1988). A defendant's motion for summary judgment is properly granted where the plaintiff fails to establish one of the elements of her cause of action. *Thompson Coal Company v. Pike Coal Company*, 488 Pa. 198, 412 A.2d 466 (1979). In addition, the record must be reviewed in the light most favorable to the non-moving party, and all doubts must be resolved against the moving party. *Murphy v. Duquesne University of the Holy Ghost*, 565 Pa. 571, 777 A.2d 418 (2001).

In determining whether Pundt's employment as Pension Coordinator made her eligible to participate in the Plan, it is necessary to review the Ordinances of the City of Erie and Summary Plan Description for the City of Erie Officers' and Employees' Retirement Plan.

We initially observe that paragraph IV of the Ordinances of the City of Erie and Summary Plan Description for the City of Erie Officers' and Employees' Retirement Plan provides:

### ELIGIBILITY REQUIREMENTS AND PARTICIPATION

*All officers and employees of the City of Erie, other than firemen and policemen, are participants in the Plan from the first day of their employment. Officers and employees of the City of Erie may not participate in the Plan if they were first hired, newly elected or first appointed to the service of the City on or after June 26, 1992 on less than a full-*

*time basis.* All elected officers of the City other than members of City Council are considered to be full-time employees. Members of City Council are part-time employees.

(Emphasis added.) In accordance with § 145.01 the Ordinances of the City of Erie and Summary Plan Description for the City of Erie Officers' and Employees' Retirement Plan, the terms "employee" and "officer" are defined as follows:

(b) *"Employee"* means a person in the service of the City, who is either or who is not now adequately protected under all circumstances by pensions authorized by the laws of this Commonwealth.... This definition, however, shall not apply to any persons hired after the effective date of this amendment (Ordinance 26–1992, passed May 20, 1992) whose employment is less than full time for the City.

(c) *"Officer"* means a person elected or appointed to City service. This definition, however, shall not apply to any person newly elected or appointed to City service on less than a full-time basis after the effective date of this amendment (Ordinance 26–1992, passed May 20, 1992), such as members of Council.

Pundt argues that as a full time employee, she meets the eligibility requirements under the Ordinances of the City of Erie and Summary Plan Description for the City of Erie Officers' and Employees' Retirement Plan. According to the Summary Plan Description, all employees and officers "are participants in the Plan from their first day of employment." In addition, the Third Class City Code which authorizes third class cities to create pension funds for non-fire and non-police municipal personnel, creates no exception for tempo-

rary employees.[5]

Pundt claims that the trial court's reliance on *Perry* was in error. We agree. *Perry* dealt with the regulations governing temporary employees of the State Employees Retirement System. In that case, a temporary faculty member sought pension eligibility. This court determined that the faculty member was not eligible to participate in the pension plan because 4 Pa.Code § 243.2(a) specifically excluded individuals "employed on a temporary basis with a predetermined date of termination which is less than one year...." Here, there is no similar regulation like that in *Perry* which prevents her from participating in the Plan.

The Board maintains that it produced testimony evidencing that temporary employees have never been included in the Plan and argues that the trial court properly concluded that, because Pundt was a temporary employee, she was not eligible to participate in the pension plan. The question, however, is not whether Pundt was a temporary employee but whether she was a full-time employee. Specifically, contrary to the trial court's analysis, the Ordinances of the City of Erie and Summary Plan Description for the City of Erie Officers' and Employees' Retirement Plan do not differentiate between employees based on whether they are temporary or permanent. In fact, those words are not mentioned in the controlling materials. Rather, all employees and officers are eligible to participate in the pension plan, so long as they are employed on a full-time basis.

Thus, we must remand this case to the trial court for a determination as to whether Pundt, as Pension Coordinator, was employed on a full-time basis. In accordance

5. The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S.

with the above, we vacate the decision of the trial court and remand for further proceedings.

### *ORDER*

Now, March 13, 2007, the order of the Court of Common Pleas of Erie County, in the above-captioned matter, is vacated, and the case is remanded for further proceedings.

Jurisdiction relinquished.

Judge COLINS dissents.