**PENNSYLVANIA HIGHLANDS COMMUNITY COLLEGE, Petitioner**

v.

**STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 2011.

Decided Sept. 24, 2012.

Publication Ordered Dec. 20, 2012.

Michael D. Hnath, Butler, for petitioner.

Brian E. McDonough, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge,[1] and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Pennsylvania Highlands Community College (College) petitions for review of the March 11, 2011 order of the State Employees' Retirement Board (Board), which affirmed, as modified, the decision of a hearing examiner and held that the College is required to pay to the State Employees' Retirement System (SERS) the employer's share of the state service purchased by Lisa T. Byrnes (Byrnes) for her employment with the College as an adjunct professor prior to January 3, 2007. For the following reasons, we affirm.

Byrnes began working at the College as an adjunct professor in 1997. She was paid per credit hour, received an appointment letter for each semester that she taught, and was explicitly informed in each appointment letter that the appointment was limited to the dates noted. Pursuant to section 5301 of the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. § 5301, Byrnes became a member of SERS by virtue of her concurrent employment with the Pennsylvania State University (PSU) beginning on January 3, 2007. On February 17, 2007, Byrnes filed a request to purchase service credit for her employment with the College from 1997 through the present.

In response to SERS' request for Byrnes' service and salary information, the

---

1. This case was assigned to the opinion writer before January 7, 2012, when Judge Pellegrini became President Judge.

College's director of human resources included a letter stating that the College disagreed that Byrnes' prior employment with the College constituted state service. (Reproduced Record (R.R.) at 105a.) By way of letter dated November 1, 2007, SERS instructed the College to enroll Byrnes into SERS on the next available paydate. The College wrote to SERS again, reasserting its contentions that it was not required to enroll Byrnes or to make any contributions to SERS on her behalf. By letter of March 12, 2008, SERS reiterated that the College must enroll Byrnes in SERS and advised the College that it had thirty days to appeal SERS' decision.

The College filed a timely appeal, which SERS' Appeals Committee denied. The College then requested an administrative appeal, and an administrative hearing was held on April 6, 2010. The relevant facts were not disputed, and the parties cited two cases as being dispositive of this case, *Perry v. State Employees' Retirement System*, 872 A.2d 273 (Pa.Cmwlth.2005),[2] and *Harrisburg Area Community College v. State Employees' Retirement System (HACC)*, 821 A.2d 1255 (Pa.Cmwlth.2003).

The hearing examiner stated that, pursuant to *HACC*, the College is required to pay contributions for its current employees' purchase of service credit for prior service rendered to *other* state agencies. The hearing examiner noted that section 1913–A(f) of the Public School Code of 1949 (School Code)[3] permits membership in SERS based on employment with the College, but further observed that, under *Perry*, if Byrnes were *only* employed at the College, she would not be entitled to become a member of SERS because she was a "temporary" employee. The hearing examiner concluded that, since Byrnes' membership in SERS is mandatory based on her employment with PSU and permissible based on her employment with the College, she is now a member of SERS through both positions.

The hearing examiner concluded that Byrnes is currently a member of SERS and, as such, her employers must make contributions on her behalf to SERS. The hearing examiner determined that, because Byrnes was not eligible to become a member of SERS until she began her employment with PSU on January 3, 2007, the College's obligation to enroll her and make contributions on her behalf became effective on that date. The hearing examiner reasoned that it would be "too large of a burden" to ask community colleges to make employer contributions on behalf of any adjunct professors who, at the time of their employment with the community college are not eligible for membership in SERS but later become eligible through other full-time employment, particularly because the community colleges could have no way to anticipate or budget for that contingency. (R.R. at 274a.) In an opinion dated September 21, 2010, the hearing examiner recommended that the College's request to neither enroll Byrnes in SERS nor pay contributions on her behalf be denied, and instead, that the College be required to enroll Byrnes in SERS and

---

**2.** In *Perry*, this Court affirmed the Board's determination that a temporary employee was ineligible to join SERS pursuant to 4 Pa.Code § 243.2(a), which states:

    (a) In those cases where an individual is employed on a temporary basis with a predetermined date of termination which is less than one year, although that may occur more than 100 days or 750 hours after the initial date of employment, such employe shall not be eligible for membership based thereon . . .

**3.** Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of July 1, 1985, P.L. 103, as *amended*, 24 P.S. § 19–1913–A(f).

make contributions for her prior service as of January 3, 2007, the date she became a SERS member. The College did not file exceptions to the hearing examiner's opinion and recommendation.

However, SERS filed exceptions, asserting that the College is responsible to make contributions on Byrnes' behalf for all of her prior service at the College. The Board agreed. The Board reasoned that Byrnes is a member of SERS by virtue of her employment with PSU and the College and she has the right to have all of her previous and current creditable service with the College credited to her SERS account. The Board noted that, as a SERS employer, the College is required to make appropriate contributions to SERS for the service of its employees who are members of SERS. Relying on our decision in *HACC,* the Board concluded that the College is required to make contributions for its current employees' purchase of credit for previous service with another agency and that there is no reason that the College should not be required to make contributions for previous service with the College. Accordingly, the Board affirmed and adopted the hearing examiner's decision as modified to hold that the College was responsible to make contributions for Byrnes' previous service to the College. (R.R. at 288a.)

■■■ On appeal to this Court,[4] the College argues that the Board erred in holding that the College is required to pay the employer's share for Byrne's purchase of prior state service for the period from 1997 through January 2, 2007, when she only worked at the College. The College acknowledges its obligation to enroll Byrnes and make contributions on her behalf after January 3, 2007, (College's brief at 7), but argues that its obligations to make contributions to SERS on Byrne's behalf began only as of that date, when she became a member of SERS based on her employment with PSU. The relevant law is as follows.

Section 1913–A(f) of the School Code provides in part that "[a]ll administrative personnel, faculty, and other employees of the community colleges in the Commonwealth shall be eligible for inclusion in ... the Pennsylvania State Employees' Retirement System...." 24 P.S. § 19–1913–A(f). Section 5301(a) of the Retirement Code states that, "Membership in the system shall be mandatory as of the date of employment for all State employees except the following ... (14) Persons who are not members of the system and are employed on a per diem or hourly basis for less than 100 days or 750 hours in a 12–month period." 71 Pa.C.S. § 5301(a). Section 5102 of the Retirement Code defines "state employee" as including employees of community colleges and the Pennsylvania State University. 71 Pa.C.S. § 5102.

Section 5303 of the Retirement Code, 71 Pa.C.S. § 5303, allows every active member of SERS to purchase credit for "previous state service," which is defined as "service rendered as a State employee prior to his most recent entrance in the system." The employers' obligations to pay the contributions to the employees' retirement benefit funds are set forth in section

4. Our scope of review is limited to determining whether the Board committed an error of law, constitutional rights were violated or necessary factual findings are supported by substantial evidence. *Costello v. State Employees' Retirement Board,* 141 Pa.Cmwlth. 19, 596 A.2d 260 (1991). The Board is entitled to considerable deference in interpreting the Retirement Code; therefore, the Board's interpretation of the Retirement Code may not be overturned unless it is clearly erroneous. *Gowden v. State Employees' Retirement Board,* 875 A.2d 1239, 1241 n. 4 (Pa.Cmwlth.2005).

5507(a) of the Retirement Code, which provides in relevant part as follows:

(a) Contributions on behalf of active members.—The Commonwealth and *other employers whose employees are members of the system shall make contributions to the fund on behalf of all active members* in such amounts as shall be certified by the board as necessary to provide, together with the members' total accumulated deductions, annuity reserves on account of prospective annuities other than those provided in section 5708 (relating to supplemental annuities) in accordance with the actuarial cost method provided in section 5508(a), (b), (c), (d) and (f) (relating to actuarial cost method).

71 Pa.C.S. § 5507(a) (emphasis added).

In addition, the regulation at 4 Pa.Code § 245.7 states:

Contributions by the Commonwealth and other employers.

\*    \*    \*    \*    \*    \*

(b) In the event an employe becomes a member of the System sometime after beginning employment and elects to purchase his previously uncredited service, the Board will bill for the appropriate employer's contribution, by itemized invoice, *that agency in which an employe is currently employed* for previously uncredited State service rendered after March 1, 1974. The amount of an employer's contribution will be determined on the basis of the employe's earnings and the total employer's contribution rate in effect at the time service was rendered, together with valuation interest of 5.5% compounded annually to the date of purchase.

(Emphasis added.)

Thus, by virtue of Byrnes' employment as a state employee with the College, she was eligible for membership in SERS, and her membership became mandatory upon her employment with PSU. 24 P.S. § 19–1913–A(f); 71 Pa.C.S. §§ 5102, 5301. Upon becoming a SERS member, Byrnes' employers became responsible to make employer contributions for Byrnes' service. 71 Pa.C.S. § 5507. Further, as a SERS member, Byrnes is entitled to purchase the uncredited state service she rendered to the College, and the "agency in which she is currently employed" is responsible to make the employer's contribution. 4 Pa.Code § 245.7. The College is such an agency. *HACC.*

In *HACC,* three individuals became active members of SERS when they were employed by the community college. Thereafter, they purchased credit for their previous uncredited state service rendered to the Department of Education, the Department of Health and Welfare, the State Police, and the Pennsylvania Historical and Museum Commission. SERS invoiced the community college for the employer's contributions for its employees' purchase of credit, but the community college refused to pay and instead appealed to the Appeals Committee. After the Appeals Committee denied the appeal, the community college appealed to the Board.

In support of its appeal, the community college argued that it was not an "agency" under 4 Pa.Code § 245.7(b) (the Board will invoice "that agency" in which an employee is currently employed). The hearing examiner cited the fact that the community college was not fully funded by the Commonwealth's General Fund and concluded that it would be unfair to require the community college to pay contributions for its employees' purchase of credit for prior service to other state agencies. The Board disagreed, reasoning that the community college could not simultaneously acknowledge the status of its current employees as state employees and members

of SERS and deny its obligations to make contributions for their purchase of previous state service. On appeal in *HACC,* this Court affirmed and, applying the law set forth above, held that the community college was required to make employer's contributions related to its current employees' purchase of credit for prior service rendered to state other agencies.

■ In this case, the College argues that the Board erred in relying on *HACC.* The College asserts that *HACC* is significantly distinguishable because it did not involve concurrent employment with two state agencies. The College contends that *HACC* stands for the proposition that the burden is properly placed on the employee's current employer and that here, the current employer whose employment rendered the employee eligible for SERS membership was not the College, but was PSU.

SERS responds that the matter of concurrent employment is not a significant distinction between the facts here and in *HACC,* because the Board has most reasonably assessed the employer contributions against the current employer who employed Byrnes during the period of uncredited state service for which she is entitled to purchase credit.

Whether *HACC* is factually distinguishable is not critical to our analysis. The issue decided in *HACC* was whether the community college was an "agency" under 4 Pa.Code § 245.7(b), an issue not raised herein. Instead, we are asked whether the Board erred as a matter of law in determining that the College, as a SERS employer,[5] is required to make contributions for its current employee's purchase

of credit for prior state service. Although the College contends that allowing Byrnes to purchase service credit for her time at the College when she was not otherwise eligible for membership in SERS "makes no sense and is unreasonable," the College acknowledges that, pursuant to 4 Pa.Code § 243.2, a temporary employee " 'shall not be prohibited from purchasing such service in the future should [she] become a permanent employe.' " (College's brief p. 13.) While we recognize that SERS could have invoiced PSU,[6] also a SERS employer of a current SERS member, for Byrnes' purchase of credit for her prior state service, we nevertheless conclude that SERS' decision to invoice the College is similarly authorized under the Retirement Code.

Accordingly, we affirm.

### ORDER

AND NOW, this 24th day of September, 2012, the order of the State Employees' Retirement Board, dated March 11, 2011, is affirmed.

---

5. The College has three active employees who are members of SERS. (Hearing examiner's Finding of Fact No. 10.)

6. As the College concedes, its failure to file exceptions to the hearing examiner's opinion forecloses our consideration of that alternative on appeal.